(No. 2355—■■■■■■■■)

EDWARD SHILKITIS, A MINOR, BY STELLA SHILKITIS, HIS MOTHER AND NEXT FRIEND, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 10, 1937.*
*Rehearing denied October 13, 1937.*

JOHN T. ZURIS, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Edward A. Shilkitis, at the age of thirteen years, was on January 10, 1931 committed to the St. Charles School for Boys. At that time he was in good physical health. His only assignment at the Institution up to October 27, 1932 was as a Saxophone and Clarinet played in the band. On the latter date one Bruce Meyer, an employee of the institution and in charge of the laundry, called Edward into the laundry and requested him to operate the mangle. He had received no previous instruction as to the handling of such machinery, and while operating it his clothing caught in the machine and his right hand was pulled into the mangle up to his elbow; that when he screamed for assistance, attendants attempted to extricate his arm, but because of the defective condition of the machine and the negligence of employees, his arm instead of being pulled out was drawn further into the mangle up to a point near the shoulder; that his arm was so crushed and torn it became necessary to amputate same at a point four inches below the shoulder, thereby ending his musical career, for which he had shown real promise, and handicapping him for all future time in earning a livlihood.

His claim for an award of Ten Thousand ($10,000.00) Dollars was filed herein by Stella Shilkitis as his mother and next friend.

The Attorney General has filed his motion to dismiss said claim for the reason that on its face it is an attempt to collect for injuries suffered by one while an inmate of one of the State's charitable institutions, and further that such recovery is predicated upon the negligence of the State and its employees in placing Edward Shilkitis at the work in which he was injured, without his having received adequate prior instruction therefor.

Claims against the State by those who have been committed to its charitable or penal institutions have arisen before. One claim was based upon alleged ill health of the inmate, occasioned by the fact that the food in such institu-

tion was steam-cooked which he was not accustomed to and his stomach would not properly digest steam-cooked foods.

Another has complained of the unduly severe character of labor to which he was assigned.

In these and all other cases of a similar character, this court, as at present constituted, has felt compelled to deny any award. These matters were considered in the cases of *Lillie Bell Jones* vs. *State,* 8 C. C. R. 78 and *Butler* vs. *State,* 8 C. C. R. 103. In the former case this statement appears, "Strictly public institutions created, owned and controlled by the State or its subdivision such as State asylums, city hospitals, reformatories, etc., are not liable for the negligence of their agents. The doctrine of 'Respondeat Superior' does not apply."

The serious and permanent injury suffered by this boy appeals most strongly to the sympathies of the court, and an opinion herein has long been delayed in the hope that some legislative action might be taken whereby the Court of Claims could in its discretion allow an award in cases where gross negligence upon the part of some employee of the State appears in the record, without any contributory negligence upon the part of the claimant. Even then however, the propriety of awards being granted to inmates of penal institutions would remain a question of grave doubt.

Under existing law and policies the court is compelled to dismiss the claim. Motion granted and claim dismissed.